**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JUANITA MARES MARQUEZ, | ) | NO. ED CV 09-1921-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on October 15, 2009, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on November 19, 2009. Plaintiff filed a motion for summary judgment on March 18,

2010. Defendant filed a motion for summary judgment on April 19, 2010. The Court has taken both motions under submission without oral argument. <u>See</u> L.R. 7-15; "Order," filed October 15, 2009.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff alleges disability since July 15, 2004, based primarily on alleged pain in her back, neck, left hand and right foot (Administrative Record ("A.R.") 73-75, 97, 223-27). Plaintiff testified to pain of allegedly disabling severity (A.R. 226-27). In a written report, Plaintiff stated:

> I do not have health insurance. And due to my low income I can not afford to go to a doctor, I have gone to the hospital as an emergency, because I could no longer stand the pain, they gave a shot of cortozon [sic], and it help [sic] some. I have to suffer the pain. I take pain pills over the counter, as needed (A.R. 100-01).

Plaintiff also testified that she does not have Medi-Cal (A.R. 224).

The Administrative Law Judge ("ALJ") found Plaintiff's back condition severe, but deemed her alleged hand and foot problems non-severe (A.R. 17-18). The ALJ stated that "[t]he record is very limited and there are no follow-up treatment notes with respect to these conditions [referring to the alleged hand/wrist and foot problems]" (A.R. 18). The ALJ found Plaintiff's testimony concerning allegedly disabling pain not to be credible (A.R. 20). In support of

2

this finding, the ALJ stated, <u>inter alia</u>, that Plaintiff "received conservative treatment, she was not prescribed severe pain medication; and she did not receive regular treatment" (A.R. 20).

Contrary to the opinion of Plaintiff's treating physician, Dr. Schmidt, the ALJ found that Plaintiff retains a residual functional capacity sufficient to perform her past relevant work (A.R. 19-22; <u>see</u> A.R. 167-72 (opinion of Dr. Schmidt)). In discounting Dr. Schmidt's opinion, the ALJ mentioned, <u>inter alia</u>, "the subsequent record, which lacked follow-up treatment regarding the claimant's left wrist/hand and right foot" (A.R. 21).

The ALJ's decision does not address Plaintiff's explanations regarding why she failed to seek more regular treatment (A.R. 16-22). The Appeals Council denied review (A.R. 3-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. <u>See</u> <u>Swanson v. Secretary</u>, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Social Security Ruling 96-7p provides:
///

3

> [T]he adjudicator must not draw any inference about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment . . . For example: . . . The individual may be unable to afford treatment and may not have access to free or low-cost medical services.

Social Security rulings such as SSR 96-7p are "binding on ALJs." Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990); see 20 C.F.R. § 422.408.

In the present case, the ALJ erred by relying, at least in part, on the irregularity of treatment without expressly considering Plaintiff's proffered explanation for the irregularity. See SSR 96-7p; Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) ("Orn's failure to receive medical treatment during the period that he had no medical insurance cannot support an adverse credibility finding"); Ostalaza v. Astrue, 2009 WL 3170089, at *7 (C.D. Cal. Sept. 30, 2009) ("the ALJ did not consider Plaintiff's testimony that she was denied Medi-Cal insurance in 2004 . . . the ALJ was required to address this testimony before discounting her credibility on the ground that she had received only conservative care"); Wright v. Astrue, 2009 WL 2827576, at *10-11 (D. Or. Aug. 24, 2009) ("her failure to seek out treatment more frequently during a period in which she was uninsured is not a legitimate basis for finding she lacks credibility").

Given the uncertainty surrounding the extent to which these errors may have affected the ALJ's decision, including the ALJ's determinations to reject Plaintiff's credibility and to discount Dr. Schmidt's opinion, the Court is unable to conclude that the errors were harmless. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of speculating about the basis of the ALJ's conclusion . . ."); see also Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which his or her ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision).

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to an administrative agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002). Remand is appropriate in the present case. See Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Vasquez v. Astrue, 572 F.3d 586 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding

issues that must be resolved before a proper disability determination can be made).[1]

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[2] the Harman holding does not direct reversal of the present case. Here, the Administration must re-address "outstanding issues" "before a determination of disability can be made." Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinion of the treating physician credited.

///

---

[1] There are outstanding issues that must be resolved before a proper disability determination can be made in the present case.

[2] The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009); Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 27, 2010.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not considered issues raised in the parties' motions but not discussed herein. The Court does note, however, an apparent factual error in Defendant's Motion. Defendant's Motion states: "The ALJ cited evidence that Plaintiff received only conservative treatment, with non-steroidal anti-inflammatory (as opposed to narcotic) pain medications . . ." (Defendant's Motion at 8). In fact, Plaintiff sometimes received Darvocet (A.R. 188). Darvocet is a narcotic pain medication. See Hayes v. Snyder, 546 F.3d 516, 521 (7th Cir. 2008).

7